**Vorberg**
**Attorneys at Law**
[See original for letterhead information.]

[stamp]

Vorberg Rechtsanwälte - Warburgstraße 37 - 20354 Hamburg

To:
Attorneys at Law
Hölters & Elsing
Freiherr-vom-Stein-Straße 24-26
60323 Frankfurt


Hamburg, February 6, 2007

Our Ref.: 837-06/KL

**Ovamed GmbH vs. Collingwood/Paramount**

Dear Dr. Wetzler:

As you know, our client entered into a licensing agreement with Collingwood and Paramount.

Article 3.1 of the Licensing Agreement stipulates that your client must bring the licensed invention to market, and above all must perform the pre-clinical and clinical development.

Therefore it was agreed with Dr. Whittingham and Dr. Gregory that Collingwood and Paramount would begin immediately with the study in monkeys, as soon as the agreed-upon protocol for the study was approved by the US FDA, which happened in the spring of 2006. In addition, in spite of clear approval from the FDA in the PRE-IND Meeting on December 13, 2005, none of the measures defined in the protocol were put into practice to pursue the IND application, although even in this protocol, the requirement to perform the study in monkeys was stipulated in writing. Please find attached a copy of the minutes of the FDA Pre-IND Meeting on December 22, 2005, in which the stipulated obligations of your client are explicitly listed.

Your client is aware that at the University of Wisconsin, a clinical study that is already fully financed is ready to go at any time, and all that is necessary is the IND. Your client's lack of

Vorberg Rechtsanwälte

action is now threatening the loss of these funds. By agreement with Dr. Whittingham and Dr. Gregory, the study in monkeys was supposed to have started in the spring of 2006, so that it could be completed essentially simultaneously with the issue of the production permit in Germany, to receive the required IND. The production permit was successfully obtained by our client, but in the absence of an active IND application by your client, the contractually stipulated issue of the IND has been prevented and the existing financing of the clinical study in Wisconsin is in danger of being lost. Furthermore, the clinical studies in Europe on asthma and allergies, the preparations for which have already been made, could also now be started, although they naturally require active cooperation from and communication with your client.

Your client's action represents a deliberate delay which has resulted in the failure of the entire TSO Project and has caused Ovamed to incur expenses—injury—in the amount of several million Euros.

Because Collingwood and Paramount have not performed any activities within the meaning of Article 3.1 of the Licensing Agreement, your client is in violation of Article 3.1 of the Licensing Agreement.

Furthermore, a meeting was agreed upon which was to have taken place not later than January 25, 2007, but which was also never held without any indication of a reason. Our client sent a list of the items it wished to appear on the agenda for the meeting exactly on the stipulated date. Your client also failed to keep its promise to complete this list by January 14, 2007, and also failed to confirm the agreed-upon meeting. You yourself mentioned a commitment to attend the meeting and to maintain communication in a letter dated December 8, 2006.

This interruption of communications also represents a major violation of Article 3.1.

Our client informed you of various violations of the Agreement as long ago as in its letter dated **August 31, 2006.**

As stipulated in Article 9.1 of the License Agreement, we are hereby setting a final deadline of

**May 13, 2007**

and demand that your client provide evidence that it has submitted the IND application to the US FDA, and that it begin the required study in monkeys immediately.

Please send us confirmation of the filing of the IND application.

As a result of the delays mentioned above, you have prevented the accomplishment of the agreed-upon deadlines, which increases the injury to my client accordingly.

In this context, we also request, as stipulated in Article 5.2 of the Agreement, that you provide reporting on the number of sales of the licensed product, the amounts invoiced for the licensed product, and an accounting for all licensed products that were used or sold, that you

Vorberg Rechtsanwälte

provide information on deductions so that we can calculate the net earnings and also that you provide information on the licensing amount due (Article 5.2, License Agreement).

Reports of the above information should also have been submitted on March 31, 2006, June 30, 2006 and December 31, 2006, even if no sales were made. You seem to have preferred, however, to discontinue all communications.

We are also setting a final deadline for the reporting of

**May 13, 2007**

Best regards,

[signature]
Dr. Klaus Lodigkeit
Attorney at Law, LL.M.

**Enclosure:**
Minutes of the Pre-IND Meeting on December 22, 2005 (12 pages)
Power of Attorney

**cc. Collingwood/Paramount**

Case 1:07-cv-03758-JSR    Document 1-11    Filed 05/11/2007    Page 4 of 7



**GEOTEXT**
Translations, Inc.

STATE OF NEW YORK       )
                        )
                        ) ss
COUNTY OF NEW YORK      )

## CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true and accurate translation from German into English of the attached letter to Dr. Wetzler from Dr. Klaus Lodigkeit, dated February 6, 2007.

Sara Rosner, Project Manager
Geotext Translations, Inc.

Sworn to and subscribed before me

this _10_ day of _MAY_, 20_07_.

EVAN FINCH
NOTARY PUBLIC-STATE OF NEW YORK
No. 01FI6134600
Qualified in New York County
My Commission Expires October 03, 2009

New York  259 West 30th Street, 17th Floor, New York, NY 10001, U.S.A. tel 212.631.7432 fax 212.631.7778
San Francisco  220 Montgomery Street, 3rd Floor, San Francisco, CA 94104, U.S.A. tel 415.576.9500 fax 415.520.0525
London  107-111 Fleet Street, London EC4A 2AB, United Kingdom tel +44.(0)20.7936.9002 fax +44.(0)20.7990.9909
Hong Kong  20th Floor, Central Tower, 28 Queen's Road, Central, Hong Kong tel +852.2159.9143 fax +852.3010.0082
translations@geotext.com  I  www.geotext.com

 

Vorberg Rechtsanwälte – Warburgstraße 37 – 20354 Hamburg

Rechtsanwälte
Hölters & Elsing
Freiherr-vom-Stein-Straße 24-26
60323 Frankfurt

**Sebastian Vorberg, LL.M.***
Rechtsanwalt*** und
Fachanwalt für Medizinrecht

**Dr. Nadja Sievers**
Rechtsanwältin und
Mediatorin

**Björn Stute**
Rechtsanwalt*** und
Fachanwalt für Arbeitsrecht

**Dr. Klaus Lodigkeit, LL.M.***
Rechtsanwalt

**Carolin von Waldthausen**
Rechtsanwältin***

**Dr. Katja Held**
Rechtsanwältin

**Carsten Kerschies, LL.M.****
Rechtsanwalt

**Sandra Ide**
Rechtsanwältin

Warburgstraße 37
20354 Hamburg

Tel (040) 44 140 08-0
Fax (040) 44 140 08-99

E-Mail: info@vbra.de
www.vbra.de

* Master of Laws (Houston)
** Master of Laws (Stellenbosch)
*** zugelassen am Oberlandesgericht

Hamburg, 6. Februar 2007

Unser Zeichen: **837-06/KL**

**Ovamed GmbH ./. Collingwood/Paramount**

Sehr geehrte Damen und Herren Kollegen,
sehr geehrter Herr Kollege Dr. Wetzler,

wie Sie wissen, hat unsere Mandantin mit Collingwood bzw. Paramount einen Lizenzvertrag abgeschlossen.

Nach 3. 1. des Lizenzvertrages ist ihre Mandantin verpflichtet, die lizenzierte Erfindung auf den Markt zu bringen, und vor allem Dingen die vorklinische und klinische Entwicklung durchzuführen.

So wurde mit Dr. Whittingham und Dr. Gregory vereinbart, dass Collingwood bzw. Paramount umgehend mit der Affenstudie beginnt, sobald das gemeinsam vereinbarte Protokoll dazu von der US FDA befürwortet wird, welches im Frühjahr 2006 geschah. Zudem wurde trotz eindeutiger Stellungnahme der FDA im Pre-IND Meeting vom 13. Dezember 2005 keine der im Protokoll festgelegten Maßnahmen ergriffen um den IND Antrag fortzuführen, obwohl selbst in diesem Protokoll schriftlich die Durchführung der Affenstudie fixiert wurde. Das Protokoll des FDA Pre-IND Meeting, vom 22. 12. 2005 in dem die vereinbarten Pflichten Ihrer Mandantin explizit aufgeführt sind, haben wir in Kopie als Anlage beigefügt.

Es ist Ihrem Mandanten bekannt, dass an der Universität Wisconsin eine bereits vollständig finanzierte klinische Studie seit Längerem jederzeit zur Durchführung bereit ist, wofür lediglich noch das

Partner von:
LEXUNA ❖ MEDIZINRECHT
www.lexuna.de

Bankverbindung:
Dresdner Bank Hamburg
Nr. 02 66 00 88 00
BLZ: 200 800 00



IND erforderlich ist. Mit der Passivität Ihres Mandanten droht mittlerweile die Streichung dieser Mittel. In Absprache mit Dr. Whittingham und Dr. Gregory sollte die Affenstudie schon deswegen im Frühjahr 2006 beginnen, damit diese möglichst zeitgleich mit der Erlangung der Herstellgenehmigung in Deutschland beendet wird, um das erforderliche IND zu bekommen. Die Herstellgenehmigung wurde erfolgreich durch unsere Mandantin erlangt, doch in Ermangelung einer aktiven IND Antragstellung durch Ihren Mandanten wird sowohl die vertragliche vereinbarte Erlangung des IND vereitelt, als auch die bestehende Finanzierung der klinischen Studie in Wisconsin gefährdet. Weiterhin könnten jetzt die schon vorbereiteten klinischen Studien in Europa auf Asthma und Allergien aufgenommen werden, die sinnvollerweise mit einer aktiven Kooperation und Kommunikation mit Ihrem Mandanten einhergehen sollten.

Dieses stellt eine willentliche Verzögerung dar, die das gesamte TSO Projekt zum Fallen gebracht hat und bei Ovamed Aufwendungen – Schäden – von mehreren Millionen EURO erzeugt.

Da somit keine Aktivitäten i. S. d. Art. 3. 1. des Lizenzvertrages durch Collingwood bzw. Paramount vorgenommen wurden, liegt ein Verstoß Ihrer Mandantin gegen Art 3. 1 des Lizenzvertrages vor.

Ferner wurden ein Meeting vereinbart, daß bis spätestens zum 25. Januar 2007 stattfinden sollte und ebenfalls ohne Angabe von Gründen nicht zustande gekommen ist. Unser Mandant hat die Auflistung der Agenda Punkte pünktlich zum vereinbarten Termin übermittelt. Ihre Zusage diese Liste bis zum 14. Januar 2007 zu vervollständigen wurde genauso wenig eingehalten, wie die Bestätigung zum vereinbarten Treffen. Mit Schreiben vom 8. Dezember 2006 wurde durch Sie selbst eine Verpflichtung zum Meeting und zur Kommunikation gesehen.

Dieser Kommunikationsabbruch stellt ebenfalls eine erhebliche Verletzung des Art. 3. 1. dar.

Unsere Mandantin hatte Sie schon per Mitteilung vom **31. August 2006** auf diverse Vertragsverletzungen durch Ihre Mandantin aufmerksam gemacht.

Gem. Art. 9. 1. der Lizenzvereinbarung setzen wir Ihnen eine letzte Frist bis zum

**13. Mai 2007**

und fordern Ihre Mandantin auf, den IND Antrag bei der US FDA nachweislich einzureichen und die erforderliche Affenstudie sofort zu beginnen.

Senden Sie uns bitte eine Bestätigung über die IND Antragstellung.

Weiterhin wird auf Grund der genannten Verzögerungen das Erreichen des vereinbarten Milestones durch Sie vereitelt, was die Schäden entsprechend erhöht.

In diesem Zusammenhang fordern wir Sie zudem auf, entsprechend Art. 5. 2. des Agreements ein Reporting durchzuführen über die Anzahl der Verkäufe des lizenzierten Produkts, die abgerechneten Beträge für das lizenzierte Produkt, eine Bilanz für alle lizenzierten Produkte die benutzt oder verkauft wurden, zu erstellen, und zudem Auskunft über Abzüge



VORBERG ♦♦ RECHTSANWÄLTE

zu erteilen, um die Netto-Erträge fest zu stellen und ferner Auskunft über den Betrag der Lizenz, die fällig ist, zu erteilen(Art 5. 2 Lizenzvertrag).

Dieses Reporting wäre am 31. März 2006, am 30. Juni 2006 und am 31. Dezember 2006 auch dann fällig gewesen, wenn keine Buchungen stattgefunden haben. Hingegen haben Sie es vorgezogen, die Kommunikation einzustellen.

Für das Reporting setzen wir Ihnen ebenfalls eine letzte Frist bis zum

13. Mai 2007

Mit freundlichen kollegialen Grüßen

Dr. Klaus Lodigkeit
Rechtsanwalt, LL.M.

**Anlage:**
Protokoll Pre-IND Meeting vom 22. 12. 2005 (12 Seiten)
Vollmacht

**cc. Collingwood/Paramount**